**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **FRANK MAURO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:22-cv-01969** |
| **FEDERAL NATIONAL MORTGAGE** | § | |
| **ASSOCIATION AND RUSHMORE** | § | |
| **LOAN MANAGEMENT SERVICES,** | § | |
| **LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(a), Defendant Federal National Mortgage Association ("Defendant" or "Fannie Mae"), files this notice of the removal of this action from the 284th Judicial District Court, Montgomery County, Texas. Defendant submits this Notice in support of its removal. Removal is based on diversity of citizenship jurisdiction. Defendant respectfully shows as follows:

## INTRODUCTION

1.      On June 6, 2022, Plaintiff Frank Mauro ("Plaintiff") instituted this action, styled *Frank Mauro v. Federal National Mortgage Association and Rushmore Loan Management Services, LLC,* under Cause No. 22-06-07148 in the 284th Judicial District Court, Montgomery County, Texas (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action are attached hereto within the contents of Exhibit B.

---

2.     Plaintiff filed his *Plaintiff's Original Petition, Application for Injunctive Relief and Request for Disclosure* in Cause No. 22-06-01718 (the "Petition") on June 6, 2022. The allegations in the Petition relate to a deed of trust and foreclosure proceedings on real property located at 14 Village Knoll Place, The Woodlands, Texas 77381.  Plaintiff alleges Defendant has breached its mortgage loan agreement with him by not allowing him to reinstate the loan and by not providing required foreclosure notices. (*See*, *generally*, *Exhibit B.*) For these alleged wrongs, Plaintiff asserts a cause of action for breach of contract. (*See id.*)

3.     This Notice of Removal is timely because thirty (30) days have not expired since the case first became removable, making removal proper in accordance with 28 U.S.C. Section 1446(b)(3).

4.     This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant to diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

**A.     There is diversity between the parties.**

5.     Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1441(b) because the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorney fees.

**1.     There is complete diversity.**

6.     Plaintiff is an individual and citizen of the state of Texas. (*See Exhibit B, Orig. Petition, ¶2.*)

7.     Defendant is a government-sponsored enterprise existing under the laws of the United States of America with its principal place of business in Washington, District of Columbia

("D.C."). Fannie Mae is deemed to be a D.C. corporation and thus a citizen of D.C. for diversity purposes. 12 U.S.C. § 1717(a)(2)(B).

### 2. Rushmore Loan Management Services, LLC, was improperly joined.

8.      The doctrine of improper joinder entitles a defendant to remove to federal court if an in-state defendant is improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  Improper joinder occurs when the plaintiff is unable to establish a cause of action against the non-diverse defendant. *Id. Smallwood* recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (internal citations omitted).  The removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* "This possibility [of recovery], however, must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Deen Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added).

9.      In determining whether there is a reasonable basis to predict whether the plaintiff might recover against an in-state defendant, courts often utilize a Rule 12(b)(6) analysis. Rule 12(b)(6) provides for the dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* at 1949–50. A complaint states a "plausible claim for relief when the factual allegations contained therein infer actual misconduct

on the part of the defendant, not a mere possibility of misconduct."  *Id*.; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.1986).

10.     While Plaintiff combines Rushmore Loan Management Services, LLC, with Fannie Mae as "Defendants" in making his claim for breach of contract (*see Exhibit B, Orig. Petition, ¶15*) attached as Exhibit D is the Assignment of Deed of Trust that shows Fannie Mae is the beneficiary of the Deed of Trust and the assignee of the related mortgage Note. (*See* Exhibit D.) Rushmore is only the loan servicer.  (*See Exhibit B, Orig. Petition, ¶9*.) For Plaintiff's claim for breach of contract, the only required party is the owner of the loan, Fannie Mae, not the loan servicer. *See Schmelzer v. Nationstar Mortgage, LLC*, No. 4:16-cv-389, 2016 U.S. Dist. LEXIS 108139, *12-13 (E.D. Tex. Aug. 16, 2016) (mortgage servicer is improperly joined in suit to declare mortgage lender's lien invalid).  Therefore, Plaintiff has failed to plead a viable cause of action for breach of contract against Rushmore for breach of contract.

Plaintiff also asserts claims against Rushmore for violations of the Texas Debt Collection Act ("TDCA"), for Breach of the Duty of Cooperation, and for an Accounting.  (*See Exhibit B, Orig. Petition, pp.4-7*)  These claims, however, fail to meet the Rule 12(b)(6) standard.

First, with respect to Plaintiff's claims for violations of the TDCA, Plaintiff makes only conclusory allegations that Rushmore (again, lumped to together with Fannie Mae as "Defendants") allegedly used fraudulent, deceptive, or misleading representations to collect a debt; misrepresented the status or nature of services; and used other false or deceptive means to collect a debt.  (*See Exhibit B, Orig. Petition, ¶¶19-21*)  Plaintiff, however, offers no specific facts to support these allegations.  To state a claim under the TDCA, a plaintiff must allege that: (1) the debt at issue is a consumer debt; (2) the defendant is a "debt collector" within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4)

the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. *See Carey v. Wells Fargo, NA*, No. H-15-1666, 2016 U.S. Dist. LEXIS 105933, 2016 WL 4246997, at *4 (S.D. Tex. Aug. 11, 2016) (Miller, J.).  In absence of the pleading of specific facts to support the claim, a plaintiff's cause of action for violations of the TDCA should be dismissed under Rule 12(b)(6).  *Reynoso v. Wells Fargo Bank, N.A*., No. 4:16-CV-1059, 2017 U.S. Dist. LEXIS 157844, 2017 WL 4270718, at *3 (S.D. Tex. Sept. 26, 2017) (Harmon, J).  As Plaintiff does not plead facts in his Original Petition to support any claims against Rushmore for violations of the TDCA, there is no such claim raised as to Rushmore.

For Plaintiff's supposed claim for the Breach of the Duty of Cooperation, that claim fails within Plaintiff's breach of contract claim and thus does not lie against Rushmore.  A duty to cooperate is implied in every contract in which cooperation is necessary for performance of the contract. *Fed. Deposit Ins. Corp. v. White*, No. 13-08-00263-CV, 2011 Tex. App. LEXIS 8344, *20 (Tex. App.—Corpus Christi Oct. 20, 2011, no pet.).  This implied duty requires that a party to a contract may not hinder, prevent, or interfere with another party's ability to perform its duties under the contract. *Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 770 (Tex. App.—Dallas 2005, pet. denied). When one party to a contract, by wrongful means, prevents the other party from performing, such an action by the party at fault constitutes a breach of contract.  *Id.*  The effect of such a breach is not only to excuse performance by the injured party, but also to entitle it to recover for any damage it may sustain by reason of the breach. *Fed. Deposit Ins. Corp.*, 2011 Tex. App. LEXIS 8344, *20.  As Rushmore is not a proper party to Plaintiff's claim for breach of contract, neither is it a proper party to Plaintiff's claim for the alleged Breach of the Duty of Cooperation.

Plaintiff's claim for an Accounting is not recognized by Texas law.  An accounting is an equitable remedy that may be appropriate when "the facts and accounts presented are so complex that adequate relief may not be obtained at law." *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717 (Tex. App.—Houston [14th Dist.] 2002). "To be entitled to an accounting, a plaintiff usually must have a contractual or fiduciary relationship with the party from which the plaintiff seeks the accounting." *Id.*  In the context of a mortgage loan, there is no such contractual or fiduciary relationship created that would impose a duty for the mortgage lender to provide an accounting.  *See id.* at 718-19. Likewise, Plaintiff has not pleaded any facts to suggest that a fiduciary relationship exists between the parties, which is not surprising given the fact that courts have routinely found there to be no fiduciary relationship between a mortgagee and a mortgagor. *See e.g., Motten v. Chase Home Fin*., 831 F. Supp. 2d 988, 1006 (S.D. Tex. 2011) (Harmon, J.); *see also Williams v. Countrywide Home Loans, Inc*., 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007) (stating that Texas law does not recognize a fiduciary relationship between a lender and a borrower) (Rosenthal, C.J.).  Moreover, even if there were such a duty, it would be owed only by the owner of the subject mortgage loan, not the servicer.

As Plaintiff thus fails to state a clam against Rushmore, its citizenship should be ignored for purposes of considering diversity jurisdiction.

### B.    The amount in controversy exceeds $75,000.00.

18.    The amount in controversy exceeds the sum or value of $75,000.00. When a plaintiff does not allege in his state-court petition a specific amount of damages, to establish the amount-in-controversy requirement for diversity jurisdiction the removing defendant's notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014).

"[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* If the defendant's allegation of the amount in controversy is then contested by the plaintiff, removal is proper "if the district court finds, by the preponderance of evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 553–54 (internal quotes removed).

19.    In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, in those cases the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). In response to a foreclosure, when someone seeks to "enjoin[] a lender from transferring property and preserv[e] an individual's ownership interest, it is the property itself that is the object of litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (internal citation omitted).

20.    Plaintiff seeks, *inter alia*, to enjoin Fannie Mae from foreclosing on the lien on the Property. (*See Exhibit B, Orig. Petition, p.7.*). As a result, Plaintiff put an amount in controversy equal to the value of the Property. The Montgomery County Appraisal District values the Property at $274,440.00, an amount well in excess of $75,000.00. (*See* Exhibits C, C-1.) For this reason alone, the amount-in-controversy requirement has been met.

## **VENUE**

23.    Venue for removal is proper in this district and division, the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. Section 1441(a)

because this district and division embrace the 284th Judicial District Court, Montgomery County, Texas, the forum in which the removed action was pending.

## NOTICE

24.     Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 284th Judicial District Court, Montgomery County, Texas.

25.     The contents of Exhibit B constitute the entire file of Cause No. 22-06-07148 in the 284th Judicial District Court, Montgomery County, Texas.

## CONCLUSION

For the reasons described above, Defendant respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By:   _/s/ Mark D. Cronenwett_
**MARK D. CRONENWETT**
Texas Bar No. 00787303
S.D. Texas Admission No. 21340
mcronenwett@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

***Attorneys for Defendant Federal National Mortgage Association***

## <u>LIST OF ALL COUNSEL OF RECORD</u>

The following is a list of all counsel and parties who have appeared herein to date:

Jason A. LeBoeuf
Plaintiff
c/o Jason A. LeBoeuf
LeBoeuf Law Firm, PLLC
Texas Bar No. 24032662
675 Town Square Blvd., Ste. 200, Bldg. A
Garland, TX 75040
(214) 206-7423 (Phone)
(214) 730-5944 (Fax)
jason@leboeuflawfirm.com

Federal National Mortgage Association
Defendant
c/o Mark D. Cronenwett
Texas Bar No. 00787303
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway
Dallas, TX 75254
(214) 635-2650 Telephone
(214) 635-2686 Facsimile
mcronenwett@mwzmlaw.com

## INDEX OF DOCUMENTS ATTACHED

Exhibit A        Copy of the Docket Sheet for Cause No. 22-06-07148 in the 284th Judicial District Court of Montgomery County, Texas;

Exhibit B        Pleadings in Cause No. 22-06-07148 in the 284th Judicial District Court of Montgomery County, Texas;

      B-1        Plaintiff's Original Petition, Application for Injunctive Relief and Request for Disclosures, filed June 6, 2022;

      B-2        Temporary Restraining Order, signed June 6, 2022;

      B-3        Affidavit of Frank Mauro, filed June 6, 2022;

Exhibit C        Declaration of Mark D. Cronenwett;

      C-1        Data Sheet from the Montgomery County, Texas Central Appraisal District website on June 15, 2022; and

Exhibit D        Assignment of Deed of Trust, signed August 15, 2008.

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2022, a true and correct copy of the foregoing was delivered to the following counsel of record via regular U.S. mail:

Jason A. LeBoeuf
LeBoeuf Law Firm, PLLC
675 Town Square Blvd., Ste. 200, Bldg. A
Garland, TX 75040

/s/ Mark D. Cronenwett
**MARK D. CRONENWETT**